

# State of New Jersey

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

June 26, 2024

**VIA ECF**

Patricia S. Dodszuweit
U.S. Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

　　Re: FRAP 28(j) Ltr, No. 23-3058, *Defense Distributed et al. v. Attorney General of New Jersey.*

Dear Ms. Dodszuweit:

　　The State advises the Court of *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (U.S. June 21, 2024). As the State previously detailed, this Second Amendment claim fails for three independent reasons: Appellants lack standing, *see* Br.31-34; the Second Amendment's text does not cover distribution of computer files, *see* Br.34-35; and Subsection (*l*)(2) is within the Nation's tradition of firearms regulation, *see* Br.35-37.

　　If this Court reaches that third defect, *Rahimi* compels the State's position. *Rahimi* holds the second step of *NYSRPA v. Bruen*, 597 U.S. 1 (2022), asks whether a "challenged regulation is consistent with the principles that underpin our regulatory tradition," not whether it has a perfect historical match. 2024 WL 3074728, at *6; *see also id.* (modern laws "must comport with the principles underlying the Second Amendment," but "need not be a 'dead ringer'"); *id.* at *30 (Barrett, J., concurring) ("Historical regulations reveal a principle, not a mold."); *id.* at *19 (Kavanaugh, J., concurring) (court must discern "principles embodied" in constitutional text). That inquiry is "not meant to suggest a law trapped in amber," and "permits more than just



those regulations identical to ones that could be found in 1791." *Id.* at *6 (majority); *id.* at *30 (Barrett, J., concurring) ("challenged regulation need not be an updated model of a historical counterpart," and a more stringent test "has serious problems").

*Rahimi* also identifies one important tradition. Relying on surety and going-armed laws, *Rahimi* confirms the principle that the government could "disarm[] … individuals who pose a credible threat to the physical safety of others." *Id.* at *7-9; *compare also id.* at *9 (acknowledging historical laws are "by no means identical" to Section 922(g)(8), but upholding the latter), *with id.* at *41-44 (Thomas, J., dissenting) (outlining significant differences). To ensure dangerous persons cannot obtain firearms, States require individuals to undergo background checks and manufacturers to obtain licenses. *See* Br.35-37; *Bruen*, 597 U.S. at 38 n.9. By limiting printable-gun code to such manufacturers, Subsection (*l*)(2) ensures individuals who threaten the safety of others—including felons and domestic abusers—cannot circumvent these laws and print untraceable firearms.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Angela Cai
Deputy Solicitor General

cc:  All counsel (via ECF)

Word Count: 349