**DEFENSE DISTRIBUTED; Second Amendment Foundation, Incorporated, Plaintiffs—Appellants,**

v.

**Matt PLATKIN, Attorney General of New Jersey, in his official capacity, Defendant—Appellee.**

No. 22-50669

United States Court of Appeals, Fifth Circuit.

FILED September 16, 2022

Appeal from the United States District Court for the Western District of Texas, USDC No. 1:18-CV-637, Robert L. Pitman, U.S. District Judge

Chad Flores, Esq., Owen Joseph McGovern, Beck Redden, L.L.P., Houston, TX, Joshua Michael Blackman, Houston, TX, Matthew Goldstein, Clark Hill, P.L.C., Washington, DC, for Plaintiffs-Appellants.

Angela Cai, Jeremy M. Feigenbaum, Esq., Office of the Attorney General, for the State of New Jersey, Trenton, NJ, Alexander Hardiman, Esq., Attorney, Pillsbury Winthrop Shaw Pittman, L.L.P., New York, NY, for Defendant-Appellee.

Before ELROD, GRAVES, and HO, Circuit Judges.

PER CURIAM:

IT IS ORDERED that Appellants' motion to expedite the instant appeal is GRANTED. The Clerk is directed to schedule this appeal for oral argument before the next available randomly designated regular merits panel.

IT IS FURTHER ORDERED that all pending motions are CARRIED WITH THE CASE.

JAMES C. HO, Circuit Judge, joined by ELROD, Circuit Judge, concurring:

In *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), we held that the Western District of Texas was wrong to sever the case against the Attorney General of New Jersey and transfer it to the District of New Jersey. Our decision was accompanied by a well-reasoned dissent from a distinguished colleague. But it is now the law of the circuit as well as the case.

We can think of no substantive reason—and none has been offered to us—why this case should nevertheless proceed in New Jersey rather than Texas, other than disagreement with our decision in *Defense Distributed*. The Attorney General of New Jersey confirmed as much during oral argument.

So we respectfully ask the District of New Jersey to honor our decision in *Defense Distributed* and grant the request to return the case back to the Western District of Texas—consistent with the judiciary's longstanding tradition of comity, both within and across the circuits, as repeatedly demonstrated by district courts nationwide.

Federal courts across America have repeatedly granted requests to return cases back to the original transferring court, whether the request comes from a fellow Article III court or even from a litigant. Examples of such judicial courtesy include, but are far from limited to, federal courts governing New Jersey and Texas. *See, e.g., In re United States*, 273 F.3d 380, 382 n.1 (3rd Cir. 2001) ("We are most appreciative of Judge Campbell's accommodation, which enabled this court to consider the matter and prevented an unseemly tension between federal jurisdictions."); *CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, 2005 WL 8159381, *2 (N.D. Tex. 2005) ("This Court will not stand in the way of another district court attempting to correct what it

believes to have been an error made while the case was under its jurisdiction. Thus, this Court finds that in the interest of justice, the case should be transferred back to the Eastern District of Missouri.").[1]

This tradition of inter-circuit courtesy should surprise no one. After all, it's an easy tradition to respect. These cases originated elsewhere, and only ended up in the transferee court as a result of mistake. So the act of courtesy costs the transferee court nothing. In sum, there's every reason in the world for district courts across the country to avoid, as the Third Circuit has put it, "unseemly tension between federal jurisdictions." *In re United States*, 273 F.3d at 382 n.1.

So we're unsurprised that such courtesy appears to be routine practice in district courts nationwide. In fact, we're unaware of any district court anywhere in the nation to have ever denied such a request. The parties admit they have not found any. We see no reason why this case should be the first.

\* \* \*

We respectfully ask the District of New Jersey to return the case to the Western District of Texas as requested, and thereby join its sister district courts nationwide in this act of inter-district comity, mutual respect, and courtesy.



---

**Hunter DOSTER, et al., Plaintiffs-Appellees,**

v.

**Hon. Frank KENDALL, in his official capacity as Secretary of the Air Force, et al., Defendants-Appellants.**

No. 22-3702

United States Court of Appeals, Sixth Circuit.

Decided and Filed: September 9, 2022

**Background:** Servicemembers filed putative class action alleging that Department of Air Force's systematic denial of requests for religious exemptions from COVID-19 vaccine mandate violated Religious Freedom and Restoration Act (RFRA) and First Amendment. The United States District Court for the Southern District of Ohio, Matthew W. McFarland, J., 2022 WL 2974733, granted in part servicemembers' motion for preliminary injunction, and certified class. Air Force appealed. Air Force moved for emergency stay.

**Holdings:** The Court of Appeals, Kethledge, Circuit Judge, held that:

(1) district court was likely correct when it held that servicemembers satisfied commonality requirement for class certification, and

(2) Air Force failed to establish likelihood of success on merits of its argument

---

1. *See also, e.g., In re Nine Mile Ltd.,* 692 F.2d 56, 57–58 (8th Cir. 1982) (request granted returning case from the District of South Carolina to the Northern District of Iowa), *overruled on other grounds by Mo. Housing Development Comm'n v. Brice,* 919 F.2d 1306, 1311 (8th Cir. 1990); *Fine v. McGuire,* 433 F.2d 499, 500 & n.1 (D.C. Cir. 1970) (request granted returning case from the District of Maryland to the District of Columbia); *United States v. Petty,* 2022 WL 1590609, \*3 (W.D.N.Y. 2022) (granting request to return case to the Western District of Pennsylvania); *Tlapanco v. Elges,* 2017 WL 4329789, \*3 (S.D.N.Y. 2017) (case stayed in the Eastern District of Michigan pending reconsideration of transfer); *Herman v. Cataphora Inc.,* 2013 WL 275960, \*2 (N.D. Cal. 2013) (transferring case back to the Eastern District of Louisiana).